## JAMISON & McINTOSH v. DANIEL FAIRÈS.

Plaintiffs purchased certain premises of which defendant had been the lessee of their vendor for a term of years, already expired, they assuming to prosecute to final judgment a suit commenced by him to oust his lessee, who claimed a tacit reconduction of the lease. This suit resulted in a judgment in their favor, under which defendant surrendered the property to them. *Held :* That a written notice given by the plaintiff to defendant of their purchase, and that they would look to him for the rent, was not an agreement on their part to charge the same rent as was stipulated in the expired lease.

APPEAL from the Sixth District Court of New Orleans, *Kennedy,* Judge of the Third District Court, presiding. *Durant & Hornor,* for plaintiffs. *Roselius* and *Phillips,* for defendant and appellant.

VOORHIES, J. On the 26th of November, 1856, the plaintiffs in this case purchased from one *Joseph Duma*, a certain lot of ground and the buildings thereon. In the sale, the plaintiffs declared their knowledge of the pendency of a suit involving the question as to the defendant's right of lease to this property ; and, being subrogated expressly to the rights of their vendor, stipulated to prosecute said suit to a final judgment, which was accordingly done.

The defendant, it appears, held the property under a contract of lease with *Joseph Duma*, for the term of three years from the 1st of June, 1853, for which he stipulated to pay a monthly rent of $100, and to make all such repairs as might become necessary. At the expiration of the term, he insisted on his right to renew the lease on the same conditions, but his claim was rejected by a judgment in favor of the plaintiffs, under which he surrendered the property to the latter on the 27th of January, 1857.

The refusal of *Duma* to renew the lease, is then conclusively shown. We do not think the written notice of the plaintiffs to the defendant of their purchase, and that they would look to him for the rent, can be fairly construed into any agreement on their part to charge the same rent as that stipulated in the original lease which had expired, as we have seen.

The amount claimed by the plaintiffs for the rent of the property, is proved to be reasonable.

Judgment affirmed.

MERRICK, C. J. The opposition by and refusal of the plaintiffs to re-let the property to the defendant, precludes all idea of a tacit reconduction. I concur, therefore, in the opinion of Mr. Justice VOORHIES in this case.